[575] THE PEOPLE, *ex rel.* Cannon and others, *vs.* THE SUPERIOR COURT OF THE CITY OF NEW-YORK.

A *mandamus* will not be granted requiring a subordinate court, in which an action is pending, to set aside a *report of referees*, on the ground that it is *contrary to law;* the remedy of the party is by writ of error.

It is the duty of the subordinate court in such cases, to place the matter in such a situation by a case in the nature of a *bill of exceptions*, or *special verdict*, as that the complaining party may, if he desire it, bring error.

MOTION for a *mandamus.* The relators were sued on a contract, and a report of referees was made against them for a large amount. They applied to the court below to set aside the report, on the grounds that it was *against the weight of evidence* and *contrary to law.* The court denied the motion, and the relators now ask for an alternative *mandamus* requiring the court below to set aside the report and to order a re-hearing, or to show cause, &c.

*By the Court,* BRONSON, J. Without intending to say anything upon the merits of the application made by the relators to the superior court, but taking it for granted that the report of the referees was against law and should have been set aside, I am of opinion that a *mandamus* is not the appropriate remedy. This writ is only proper where the party has a legal right, and there is no other adequate legal remedy. (12 *Johns. R.* 414; 1 *Cowen*, 423.) A *mandamus* will not be granted where error will lie. (2 *Johns. Cas.* 72.)

Since the decisions of the court for the correction of errors in the case of *The*

Gomez v. Garr.

*Rensselaer Glass Factory* v. *Reed*, (5 *Cowen*, 587,) and in the case of *Feeter* v. *Heath*, (11 *Wendell*, 477,) it can no longer be doubted that a writ of error will lie on the judgment of any court confirming a report made by referees, where the cause was referred in pursuance of the statute. The facts may in some form be spread upon the record so as to give the party the same opportunity for a review that he would have on a trial by jury. As to the legal objections taken on the hearing, the case will be similar in character to a bill of excep- [576] tions ; and as to the questions of law growing out of the proofs before the referees, the case will partake of the character of a special verdict. Questions of law only, and not the weight of evidence, can be examined on a writ of error ; and the rule is the same on a motion for a *mandamus*. (*Ex parte Baily*, 2 *Cowen*, 479.)

In the case of *The Rensselaer Glass Factory* v. *Reed*, a statement of the facts, as they appeared before the referees, was drawn up under the direction of the chief justice and annexed to the record. In *Feeter* v. *Heath*, the referees made a special report of the facts to this court, and this report was incorporated at large in the judgment record. In the case under consideration, the facts which appeared on the hearing were presented to the superior court by the affidavit of the attorney for the defendants, and as there was no dispute about what the evidence was before the referees, they were not called upon to make a special report. I do not think it necessary to determine in what form the facts should in this case be placed upon the record for the purpose of giving the relators the full benefit of a writ of error, though I am inclined to the opinion that the chancellor has pointed out the proper mode, in the opinion delivered by him in the case of *Feeter* v. *Heath*. It cannot be doubted that the superior court, on a proper application for that purpose, will take such order in the premises as may be necessary to enable the party to bring error ; and it is enough for the present occasion that the relators have an appropriate legal remedy, without the aid of a *mandamus*.

Motion denied.